**GLUCK LAW FIRM**
Jeffrey S. Gluck (SBN 304555)
jeff@gluckip.com
16950 Via De Santa Fe
Rancho Santa Fe, California 92067
Telephone: (310) 776-7413

**DONIGER / BURROUGHS**
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| One of These Days, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>Fast Horses, LLC, a Wyoming Limited Liability Company, individually and doing business as "Diamond Cross Ranch"; DOES 1-10;<br><br>Defendants. | Case No.:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br>3. TRADEMARK INFRINGMENT<br><br>**JURY TRIAL DEMANDED** |

One of These Days, LLC ("OTD"), by and through its undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. One of These Days, LLC is a company residing in California.

5. Upon information and belief, OTD alleges that Defendant, Fast Horses, LLC, individually and doing business as "Diamond Cross Ranch" ("DCR"), i is a Wyoming limited liability company that is doing business with this District

6. Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, Plaintiff alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or

adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT DESIGN

8. Prior to the conduct complained of herein, Plaintiff composed an original design, a copy of which is set forth hereinbelow ("Subject Design"). This artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff. Plaintiff registered the Subject Design with the Copyright Office under VA 2-432-215.

9. Prior to the acts complained of herein, Plaintiff published the Subject Design to the public and marketed and solicited orders relevant to the Subject Design.

10. Following this publication of the Subject Design, Plaintiff's investigation revealed that Defendants were marketing and selling products bearing illegal reproductions and/or derivations of the Subject Design.

11. Upon information and belief, Plaintiff alleges that, without Plaintiff's authorization, Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed products that bear artwork identical to or substantially similar to the Subject Design ("Infringing Product").

12. Below is a comparison of the Subject Design with exemplars of the Infringing Products, which feature designs incorporating at least a portion of the unauthorized copy of the Subject Design:

///

///

///

| **Subject Design** |
|:---:|
|  |
| **Infringing Product** |
|  |

13. The above comparisons make apparent that the elements, composition, arrangement, layout, and appearance of the designs on the items are substantially similar to the design at issue.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

14. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

15. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Design including, without limitation, through (a) viewing Plaintiff's website, as well as Plaintiff's online profiles, publications, and features; and (b) products manufactured and sold to the public bearing products lawfully printed with the Subject Design by Plaintiff for its customers.

16. Upon information and belief, Plaintiff alleges that one or more of the Defendants manufactures products and/or is a product vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied products to said retailers, which products infringed the Subject Design in that said products featured unauthorized print design(s) that were identical or substantially similar to the Subject Design or were illegal derivations or modifications thereof.

17. Upon information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling products which infringe the Subject Design through a network of retail stores, catalogues, and through on-line websites.

18. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

19. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

22. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Upon information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Design by, *inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Infringing Product or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Infringing Products. Plaintiff is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Infringing Product and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein. The true and

complete extent to which Defendants were involved in a network of infringement with yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

24. Upon information and belief, Plaintiff alleges that each of the retailer Defendants had written agreements with the Doe Defendants who are manufacturers such that each retailer Defendant had oversight and control over the sourcing of the Subject Design affixed to the Infringing Product.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

26. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

27. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design, in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

### THIRD CLAIM FOR RELIEF
(Trademark Infringement - Against All Defendants, and Each)

29. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

30. OTD is the owner of the valid, distinctive mark in of the Horse Illustration to apparel products. OTD has been using the Horse Illustration mark in commerce continuously since 2017 and through its promotion and publicity it has acquired secondary meaning in the lifestyle product market. The Mark is strong and well known and is entitled to a broad scope of protection. OTD uses the Mark as a source identifier, by including the Mark on apparel products and product packaging.

31. The Horse Illustration mark has been registered with the U.S. Patent and Trademark Office under No. 7,332,902 and has also acquired secondary meaning, with consumers associate the Horse Illustration mark exclusively with OTD products. The secondary meaning acquired is evidenced by the intentional and precise copying by Defendants, the continued and extensive use of the Horse Illustration mark in Defendants advertisements for the same products, the duration of OTD's continuous advertisements, sales, and manufacturing of OTD products featuring the iconic Horse Illustration.

32. Defendants' use of a verbatim copy of the Horse Illustration (the "Infringing Mark") in connection with apparel and lifestyle products is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association with OTD, or as to the origin, sponsorship or approval of Defendants' goods and services. Defendants' use of the Horse Illustration mark has not been authorized by Plaintiff. Consumers, including Defendants' customers, are likely to believe that their use of the Infringing Mark indicates an affiliation, connection, association with, and/or sponsorship or approval of OTD.

33. Defendants' use of the Infringing Mark in connection with apparel and lifestyle products is likely to cause both forward and reverse confusion, including without limitation, as to whether some affiliation, connection, or association

between Plaintiff and Defendants. The confusing similarity between the marks is likely to cause consumers to both associate Plaintiff's products with Defendants and Defendants' products with Plaintiff.

34. As a result of Defendants' infringing acts, OTD has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's infringing acts, OTD has suffered and will continue to suffer irreparable harm, and it has no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' infringing acts, OTD will continue to suffer a risk of irreparable harm.

35. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

36. On information and belief, Defendants' infringing acts have been knowing, intentional, wanton, and willful, entitling OTD to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

37. Defendants' acts have damaged and will continue to damage OTD, and OTD has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Horse Illustration mark, OTD will suffer irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as

available under the Copyright Act, 17 U.S.C. § 504 and/or 15 U.S.C. § 1117;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d. That Plaintiff be awarded its attorneys' fees;

e. That Plaintiff be awarded treble, exemplary, and/or statutory damages as allowed by 17 U.S.C. § 1117;

f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

j. Finding that Defendants have violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

k. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from advertising, marketing, promoting, supplying, distributing, offering for sale or selling skin care products or services with the Horse Illustration mark.

l. Directing that Defendants account to and pay over to OTD all profits realized by their wrongful acts and directing that such profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

m. Awarding OTD statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

n. Awarding OTD actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

o. Awarding OTD costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117.

p. Requiring Defendants to deliver to OTD for destruction or other disposition all remaining inventory or materials bearing the Infringing Mark, including all advertising, promotional and marketing materials therefor, as well as all means of making the same.

q. Awarding OTD pre-judgment interest on any monetary award made part of the judgment against Defendants.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: April 14, 2025      By:   */s/ Scott Alan Burroughs*
　　　　　　　　　　　　　　　　Scott Alan Burroughs, Esq.
　　　　　　　　　　　　　　　　Andres Navarro, Esq.
　　　　　　　　　　　　　　　　DONIGER / BURROUGHS
　　　　　　　　　　　　　　　　*Attorney for Plaintiff*

　　　　　　　　　　　　　By:   */s/ Jeffrey S. Gluck*
　　　　　　　　　　　　　　　　Jeffrey S. Gluck, Esq.
　　　　　　　　　　　　　　　　GLUCK LAW FIRM
　　　　　　　　　　　　　　　　*Attorney for Plaintiff*